# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

MARK ANTHONY SWEAT,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
VS.　　　　　　　　　　　　　　　　　)　　　　　No. 20-1091-JDT-cgc
　　　　　　　　　　　　　　　　　　)
ERIC M.  LUTRELL, ET AL.,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　)

---

## ORDER DISMISSING CASE WITHOUT PREJUDICE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

---

On April 23, 2020, the *pro se* Plaintiff, Mark Anthony Sweat, who is incarcerated at the Madison County Criminal Justice Complex in Jackson, Tennessee, filed a civil complaint and a motion to proceed *in forma pauperis*.  (ECF Nos. 1 & 2.)  The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b).  (ECF No. 3.)  Sweat sues Eric M. Lutrell, an Assistant Public Defender; and George Morton Googe, Public Defender for the 26th Judicial District of Tennessee.

Sweat alleges that Defendant Lutrell failed to provide him with effective assistance of counsel during his state-court criminal proceeding.  Specifically, Sweat alleges Lutrell "made" him take the stand during his preliminary hearing and then elicited damaging testimony that was prejudicial to Sweat.  (ECF No. 1 at PageID 2.)  Sweat alleges this

testimony resulted in his conviction and the imposition of a twelve-year sentence. (*Id.*) He appears to sue Defendant Googe because he is head of the Public Defender's Office, and "this happen[ed] before with the same attorney before they finally fired him." (*Id.*)

Sweat has attached to the complaint a motion filed in December 2019 on behalf of the Public Defender's Office seeking to withdraw from further representation in his criminal case. (ECF No. 1-2 at PageID 5-6.) Assistant Public Defender Gregory Gookin stated in the motion that during the preliminary hearing Sweat "admitted to possessing a gun and brandishing it toward the victim." (*Id.* at PageID 5.) Gookin also stated that before calling Sweat to testify, his attorney had not met with him and failed to advise him concerning his Fifth Amendment right against self-incrimination; consequently, Sweat "may have a colorable claim for ineffective assistance of counsel." (*Id.*)

Sweat seeks compensatory damages. (ECF No. 1 at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court

accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Though he filed his complaint on the form used for commencing a federal civil rights action, Sweat specifically asserts that his suit is for legal malpractice. (ECF No. 1 at PageID 2.) However, the Court does not have subject matter jurisdiction over a malpractice claim, which arises solely under Tennessee law. "Federal courts are courts of limited jurisdiction.  Unlike state trial courts, they do not have general jurisdiction to

3

review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008); *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (jurisdiction of the federal courts "is not to be expanded by judicial decree"). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

"A party seeking to invoke the jurisdiction of the federal courts . . . bears the burden of establishing that such jurisdiction exists." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (per curiam). Rule 8(a)(1) of the Federal Rule of Civil Procedure requires that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." In addition, Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

There are two kinds of federal jurisdiction. First, the federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As Sweat clearly states that he is suing the Defendants for legal malpractice, a claim arising under Tennessee law, there is no federal question jurisdiction in this case.

Second, federal jurisdiction may be based on diversity of citizenship, meaning it applies to cases between "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity of citizenship is present where the plaintiff is a citizen of one state and all of the defendants

4

are citizens of other states, plus the amount in controversy in the case is more than $75,000. *See Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013).

Sweat has not alleged that diversity of citizenship is present in this case. He does not allege either his own citizenship or that of the Defendants.[1] He indicates only that he is incarcerated in Madison County, Tennessee,[2] and that the Defendants have addresses in Tennessee.[3] Therefore, the Court does not have jurisdiction to hear Sweat's legal malpractice claim.

Accordingly, this case is hereby DISMISSED WITHOUT PREJUDICE in its entirety for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), it is CERTIFIED that any appeal by Sweat would not be taken in good faith. If Sweat nevertheless files a notice of appeal and wishes to pay the $505 appellate filing fee using the installment procedures of the PLRA, 28 U.S.C. §§ 1915(a)-(b), he also must

---

[1] Current residence in a particular state is not always the same as being a citizen of that state. Citizenship is based on domicile, which requires that a person "be physically present in the state *and* must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 F. App'x 726, 728 (6th Cir. 2002) (emphasis added).

[2] There is a presumption that a prisoner retains his prior citizenship while incarcerated. *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973); *see also Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). However, Sweat does not allege that his citizenship is in a state other than Tennessee notwithstanding the fact he is imprisoned here.

[3] Sweat indicates that Defendant Lutrell currently resides in Knoxville, Tennessee, and that the Public Defender's Office is located in Jackson, Tennessee. (ECF No. 1 at PageID 2.)

submit an updated *in forma pauperis* affidavit and a current, certified copy of his inmate

trust account statement for the last six months.[4]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] Any notice of appeal must be filed within 30 days, even if Sweat is unable to submit updated financial information at the same time.